UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOSEPH McCRAY,

                        Petitioner,

      -against-

STATE OF NEW YORK,
DEPARTMENT OF PAROLE,

                       Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

10 CV 465 (RJD)

DEARIE, Judge.

      Petitioner Joseph McCray moves for a writ of habeas corpus pursuant to 28 U.S.C. §2254. His sole claim is that his trial counsel was ineffective by failing to seek dismissal of the indictment on the ground that the grand jury consisted of forty jurors rather than the maximum of twenty-three prescribed by state statute.[1]

      For the reasons set forth below, the application is denied and the petition is dismissed.

## BACKGROUND

      Petitioner was convicted in New York Supreme Court (Kings County), following a jury trial, of grand larceny in the second degree, falsifying business records in the first degree, offering a false instrument for filing in the first degree, criminal mischief in the third degree (two counts), criminal trespass in the second degree (two counts), and criminal possession of a forged instrument in the second degree. Among other things, petitioner filed a fraudulent deed in the City Register purporting to transfer title to a building located at 1053 Flatbush Avenue,

---

[1] The petition alleges that counsel was also ineffective for allegedly failing to file a timely notice of appeal, but petitioner later withdrew that branch of his claim. ECF # 13.

Brooklyn, from a deceased woman and her elderly husband to himself; changed the building's locks to interfere with the building's subsequent lawful transfer; and eventually presented to local police a falsified deed to support his fraudulent claim of ownership.

Petitioner was sentenced to a prison term of four to twelve years on the grand larceny conviction and to lesser, concurrent terms on the other counts. The court also imposed a $4,000 fine and issued a twenty-year order of protection. Online records of the New York State Department of Corrections indicate that petitioner was released in November 2009, after serving three years, and that he remains on parole until November 6, 2017.[2]

## DISCUSSION

**A.     Exhaustion**

Relying on largely hairsplitting distinctions that fail to account for petitioner's pro se status during his direct and post-conviction proceedings, respondent argues, at great length, that the petition should be dismissed on exhaustion grounds.

In it undisputed that on his direct appeal, petitioner squarely presented the exact claim he advances here. The Appellate Division, however, did not reach the merits of the claim, holding instead that "[t]he defendant's contention that defense counsel was ineffective because he did not move to dismiss the indictment on the ground that the grand jury proceeding was defective constitutes an off-the-record claim which is unreviewable on direct appeal." People v. McCray, 61 A.D.3d 999, 1000 (2d Dep't 2009), lv. app. denied, 13 N.Y.3d 747 (Aug. 12, 2009). Petitioner's appeal also raised the discrete claim "that the grand jury proceeding was defective," which the Appellate Division found to be "unpreserved for appellate review." Id. at 1000.

---

[2] For this reason, and because in any event petitioner is challenging his underlying convictions, the petition is not moot. See generally Spencer v. Kemna, 523 U.S. 1, 8 (1998).

It is also undisputed that petitioner availed himself of the procedural vehicle for presenting "off-the-record" ineffectiveness claims: *i.e.*, he filed a state court motion to vacate pursuant to N.Y. Criminal Procedure Law §440.10 in which he alleged that counsel was ineffective. Respondent takes issue, however, with the content of petitioner's allegations in the 440 motion; according to respondent, they cannot be read as embracing the exact claim raised here. The relevant passage alleges: "The Grand Jury fail[ed] to conform with CPL 190. There was [sic] more th[a]n 23 Grand Juries. . . which create an illegal defective Grand Jury Proceeding. The defense attorney fail[ed] to su[b]mit the necessary omnibus motion to inspect grand jury minutes and proceedings."

In its decision denying this motion, the 440 court read this branch of this claim as asserting that counsel "fail[ed] to make pre-trial motions, including a request to inspect the Grand Jury minutes," and proceeded to specifically "reject[] [petitioner's] contention that assigned counsel provided ineffective assistance by failing to file pre-trial motions or move to inspect the Grand Jury minutes." People v. McCray, Ind. No. 9478/2005, Decision & Order, June 1, 2007 (Ingram, J.) (ECF # 8-3, Exhibit G at 6, 9). The 440 court further found that petitioner had not "made the required showing that there was no strategic or legitimate explanation for counsel's failure to request a particular hearing," that "court records indicate that the Grand Jury minutes were examined by the Court and deemed to be sufficient in all respects," and that "[d]efense counsel's strategic decisions and trial tactics did not amount to ineffective assistance." Id. at 6.

Were it necessary to reach the issue, the Court would conclude that petitioner's 440 allegations were sufficient to exhaust the ineffectiveness claim he raises here. See generally Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) ("'[E]xhaustion of state remedies requires that

3

[a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'") (alterations by Second Circuit, quoting, Duncan v. Henry, 513 U.S. 364, 365 (1995)), cert. denied, 132 S. Ct. 265 (2011); Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) ("In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court"). Petitioner's 2254 papers complain that the grand jury consisted (improperly) of 40 members, that the indictment was therefore "jurisdictionally defective," and that counsel "fail[ed] to move to dismiss the indictment." His 440 allegations, to be sure, do not employ identical language: rather than faulting counsel for failing to move to "dismiss" the indictment, as he does in his habeas petition, petitioner in his 440 papers speaks only of his attorney's failure to "su[b]mit the necessary omnibus motion" with respect to the grand jury defect. Taking into consideration the fact that (i) petitioner was representing himself in the 440 proceeding, and (ii) the 440 court's decision refers to "pre-trial motions" generally, the Court believes that, reasonably construed, the 440 allegations did sufficiently inform the state court of "both the factual and legal premises" (Daye, 696 F.2d at 191) of the ineffectiveness claim advanced here— namely, petitioner's belief that the grand jury that indicted him consisted of more than the legally authorized number of jurors and that his attorney failed to seek to redress the alleged defect. The state thus has ample "opportunity" (Carvajal, 633 F.3d at 104) to pass upon those claims, which it did in the decisions denying 440 relief and denying leave to appeal from that denial.[3]

---

[3] Petitioner then sought leave to appeal the denial of his 440 motion, which the Appellate Division denied by Decision and Order dated September 26, 2007. In his leave application, petitioner asserted both that he "was subjected to a defective Grand Jury, which had over 23 Grand Jurors" and that his "defense attorney fail[ed] to move to dismiss the defective indictment" (ECF # 8-3, Exhibit H). Finally, the record indicates the petitioner separately filed a petition for habeas relief in state court in the county of his confinement; the petition is not

But the Court need not formally reach the exhaustion question because, as the Court now addresses, the petition does not present a basis for habeas relief. See 28 U.S.C. §2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). See, e.g., Greiner v. Wells, 417 F.3d 305, 318, n. 14 (2d Cir. 2005) ("[b]y reaching the merits of [a section 2254 petitioner's] ineffectiveness claim. . .[the Court] need not consider the exhaustion issue") (internal quotation and citation omitted), cert. denied, 546 U.S. 1184 (2006); Knight v. Phillips, 05 CV 2758, 2749 (NG), 2012 WL 5955058, *12 n. 19 (by denying a section 2254 petitioner's ineffectiveness claim on the merits, court "need not reach the issue of exhaustion").

## B.  The Merits

The standards governing ineffective assistance of counsel claims are well established. To show that the performance of counsel deprived him of his Sixth Amendment right, petitioner bears the considerable burden of demonstrating that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner alleges, in substance, that a grand jury was first empaneled on November 14, 2005, that the proceedings were adjourned to the following day, and that the first day's panel "was combine[d] with" the second day's panel, so that the panel consisted of 40 jurors at the time it indicted him. Petition, ¶ 13 (ECF #1). Forty, of course, is seventeen more than New

---

available, but the decision denying it as moot upon petitioner's parole refers to the grounds advanced as including "defective Grand Jury proceedings." McCray v. Sup't Corcoran, Index No. 09-0659, Decision & Judgment (N.Y. Sup. Ct. Cayuga County Dec. 29, 2009) (ECF #8-3, Exhibit L).

5

York law authorizes. See N.Y. Crim. P. Law 190.05 ("A grand jury is a body consisting of not less than sixteen nor more than twenty-three persons. . .").

Petitioner is not seeking habeas relief on the basis of a grand jury defect per se, but, instead, unequivocally fashions his claim as one addressing the conduct of counsel. He asserts that his "attorney was a witness to the defective grand jury," and therefore should have but "fail[ed] to move to dismiss the indictment" on the basis of the alleged defect. Petition, ¶ 13.

The record affords the Court no basis for making a finding with respect to deficient performance under Strickland prong one. Petitioner offers no particulars beyond the barebones assertions just quoted, nor any evidence to support the rather unusual allegations, and the portion of the record furnished by respondent fails to offer the Court a basis for assessing the allegations' verity or lack thereof.

Instead the Court turns to Strickland's prejudice prong. As the Supreme Court in Strickland explained:

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

Assuming arguendo, then, that the grand jury was defective in the manner petitioner alleges and that counsel failed to challenge the indictment on the basis of the alleged defect, the Court concludes that petitioner's claim nevertheless fails because he cannot show that he was prejudiced within the meaning of Strickland. Simply put, a petit jury convicted petitioner, after trial, of the crimes for which the allegedly defective grand jury indicted him. Affirming the

conviction, the Appellate Division held both that "the evidence was legally sufficient to establish [petitioner's] guilt beyond a reasonable doubt" and that "the verdict of guilt was not against the weight of the evidence," McCray, 61 A.D.3d at 999-1000, and petitioner makes no sufficiency challenge here. These facts entirely dispose of petitioner's ineffectiveness claim and the petition. See United States v. Mechanik, 475 U.S. 66, 70 (1986) ("measured by the petit jury's [guilty] verdict, . . . any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt"); Dixon v. McGinnis, 492 F. Supp. 2d 343, 348 (S.D.N.Y. 2007) (section 2254 petitioner convicted by petit jury cannot show Strickland prejudice resulting from counsel's failure to enforce his right to testify before grand jury, citing Mechanik) (collecting additional authorities); Williams v. Ricks, 2004 WL 1886028, *6 (S.D.N.Y. Aug. 24, 2004) ("even if Petitioner had a federal right to appear before the grand jury, any error in grand jury proceedings is necessarily rendered harmless by a trial jury's subsequent finding of guilt beyond a reasonable doubt," citing Mechanik).[4]

## CONCLUSION

The Court need not formally reach the question of exhaustion because section 28 U.S.C. §2254(b)(2) authorizes the Court to deny an application for a writ of habeas corpus on the merits notwithstanding a failure to exhaust, and the Court so denies Joseph McCray's application and dismisses his petition.

Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. The Court certifies

---

[4] Were the Court to formally rule on exhaustion and treat the 440 decision (and the denial of leave of to appeal that decision) as a state court adjudication on the merits of the ineffectiveness claim advanced here, the Court would conclude, within the meaning of 28 U.S.C. § 2254(d) and for the reasons discussed in this memorandum, that the state court's rejection of the claim was neither contrary to nor an unreasonable application of Strickland or Mechanik.

7

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 20, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge