UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOSEPH McCRAY

                Petitioner,

      -against-

STATE OF NEW YORK,

                Respondent.
---------------------------------------------------------x

**ORDER**

10 CV 465 (RJD)

DEARIE, District Judge.

    By pro se submission styled as a motion to alter or amend under Fed. R. Civ. P. 59(e) (ECF No. 24), petitioner Joseph McCray asserts that the Memorandum and Order this Court issued on September 25, 2020, which denied his motion under Rule 60(b) to reconsider this Court's 2013 decision denying his petition for habeas relief under 28 U.S.C. § 2254, contains "findings or conclusions" that are "erroneous." The September 2020 decision rejected petitioner's claim that the judgment entered upon the 2013 decision was "void" within the meaning of Fed. R. Civ. P. 60(b)(4) and also found no basis to revisit the habeas proceeding under Rule 60(b)(6)'s catch-all provision.

    The standard for granting the relief petitioner now seeks "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995).[1]  See also McGucken v. Newsweek, LLC, 2020 WL 6135733, at *1 (S.D.N.Y. 2020) ("Compelling reasons for granting a motion for reconsideration are limited to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal quotation and citation omitted).

Petitioner has not shown a basis for altering or amending the Court's September 2020 decision denying reconsideration of the 2013 decision denying habeas relief.

In his current motion, petitioner again advances his challenge to the 2013 decision as "void," this time on the apparent theory that the Court lacked jurisdiction to issue it because respondent's opposition was not electronically filed (as required by this Court's initial Order to Show Cause) and because only a memorandum of law but not the state court record was served upon him.  The assertions are frivolous and flatly contradicted by the docket.  See, e.g., ECF Nos. 7-9 (respondent's opposition and exhibits) and No. 17 (respondent's letter transmitting the state court record to petitioner).  Petitioner also appears to claim that the September 2020 Order is defective because it was not electronically filed, which is not so.  See ECF no. 23 (entry of the September 2020 decision).  Finally, petitioner appears to challenge the Second Circuit's jurisdiction over his appeal of the denial of habeas relief (which the Circuit affirmed by mandate issued October 8, 2014, see ECF No. 21), but any such claim is beyond the scope of a motion under Rule 59 or Rule 60 and outside this Court's jurisdiction.

For all these reasons, petitioner's motion (ECF No. 24) under Rule 59(e) to alter or

---

[1] Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Southern and Eastern Districts of New York; those standards "are identical." Levitant v. Workers Comp. Bd. of N.Y., 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) (internal citation and quotation omitted).

amend the Court's September 25, 2020 Memorandum and Order is denied. Once again, no certificate of appealability shall issue because petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Likewise, because the Court has been asked to alter or amend a decision made under Rule 60(b), the Court reiterates that "jurists of reason" would not "find [ ] debatable" whether (i) the denial of 60(b) relief was an abuse of discretion or (ii) "whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (announcing standard for certificate of appealability in the context of Rule 60(b)), cert. denied, 535 U.S. 932 (2002).

SO ORDERED.

Dated: Brooklyn, New York
        October 30, 2020

                                             /S/ RAYMOND J. DEARIE
                                             RAYMOND J. DEARIE
                                             United States District Judge